Commonwealth *v.* Jenkins, Appellant.

Submitted September 25, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Sallie Ann Radick* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 30, 1972:

On July 27, 1969, Karen Wolf was strangled in her apartment in Pittsburgh. She was found nude upon her bed, covered with a blanket, with a stocking around her neck. Also noted were a series of cigarette burns upon the victim's breasts.

Appellant, Marshall W. Jenkins, Jr., was arrested at his parents' home on January 2, 1970, and charged with Karen Wolf's murder. At appellant's trial, the Commonwealth produced several witnesses to show how the victim's body was found; two witnesses, one appellant's fiancee, who testified that appellant had admitted the killing; and a Pittsburgh Police fingerprint expert, who testified that dusting of Miss Wolf's apart-

ment uncovered only one fingerprint, later identified as appellant's.

Midway through the trial, appellant, who had previously admitted being in the girl's apartment on the day of the crime and wiping out fingerprints, but had denied any memory as to whether he had killed her, informed the court that he wished to change his plea to guilty. After conducting an on-the-record examination to determine if appellant's decision was a knowing and intelligent act, the court accepted the plea. The court later determined that appellant was guilty of second-degree murder and sentenced him to a term of ten to twenty years' imprisonment. No appeal was taken.

On September 21, 1971, appellant filed a Post Conviction Hearing Act petition, alleging that his plea was not knowingly and intelligently entered. The dismissal of that petition, after a hearing, is the subject of this appeal.

Appellant contends that his decision to plead guilty was not knowing because he was not told of the elements involved in the various degrees of homicide or that his plea constituted an admission that he had killed with malice, making the crime one of second-degree murder, unless he could show the presence of mitigating circumstances which would negate the presence of malice. According to appellant's argument, if he had been informed of the elements of manslaughter, he would have chosen to proceed with the jury trial and hope for a verdict of voluntary manslaughter.

The court conducted an extensive inquiry, including the following: "THE COURT: Are you aware of the fact that if you enter a plea of guilty generally to this indictment, that it will then become the responsibility of the Court and the Court alone to determine whether or not: 1, you are guilty of murder in the first count (sic) or murder in the second degree or voluntary manslaugh-

ter? Are you aware of that fact? THE DEFENDANT: Yes, sir. THE COURT: And that if you plead guilty to murder generally, that the presumption and the law is that you are pleading guilty to murder in the second degree. THE DEFENDANT: Yes, sir. THE COURT: Now, are you aware of the fact that if the Court should find you guilty of murder in the first degree, it would then become the responsibility of the Court to fix the punishment at either death or life imprisonment if the Court made such a finding on the evidence? THE DEFENDANT: Yes, sir. THE COURT: Are you aware of the fact that if the Court found you guilty of murder in the second degree, which is presumed upon a plea of guilty generally to the time (sic) of murder that the Court could sentence you from 10 to 20 years in prison? THE DEFENDANT: Yes, I understand that."

Moreover, the court explicitly told appellant: "THE COURT: And we state to you further that at this time having heard what we have heard of this case—and we have not heard all of the testimony, and we are not saying that this is conclusive upon us—that it would seem to us at this time that certainly the presumption would prevail that it could not be lower than murder in the second degree on the basis of the evidence that has been presented. THE DEFENDANT: Yes, sir. THE COURT: Do you understand what we have said to you? THE DEFENDANT: Yes, sir, I understand. THE COURT: And understanding that, is it still your desire to withdraw your plea of not guilty and to enter a plea of guilty to this offense generally? THE DEFENDANT: Yes, sir."

Further, the record indicates that appellant was accompanied by competent counsel, who specifically testified at the post-conviction hearing that he had explained the elements of the various degrees of homicide to appellant at great length before appellant made his decision to plead guilty.

We are satisfied that appellant knew exactly what he was doing when he decided to plead guilty and the court was correct in its decision to accept the plea and later to dismiss appellant's petition.

Order affirmed.